UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| HILTON BUCKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-2633-JDT-cgc |
| | ) | |
| TYREACE MONTGOMERY, and | ) | |
| JUSTIN ROBERTS, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)
AND TO FILE AN AMENDED COMPLAINT

On August 19, 2020, Plaintiff Hilton Buckley, who is incarcerated at the Shelby County Criminal Justice Center (Jail) in Memphis, Tennessee, filed a form complaint used for commencing actions under 42 U.S.C. § 1983. The form is signed by Buckley and demands a jury, but no defendants are listed in the case caption; all of the spaces on the form are either blank or marked "N/A." (ECF No. 1.) Accompanying the complaint form is what appears to be a printout of a report describing an incident that occurred at the Jail on June 10, 2020. (ECF No. 1-1.) Buckley also filed the first two pages of the five-page non-prisoner *in forma pauperis* affidavit. (ECF No. 2.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore*

*v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments.  § 1915(b)(2).  However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint.  § 1915(a)(2).  In this case, Plaintiff submitted only the first two pages of the five-page affidavit form generally used by non-prisoners, and he failed to submit a copy of his trust account statement.  He will be required to provide the Court with the proper financial documentation before the motion to proceed *in forma pauperis* may be considered.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant

to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

In this case, though Buckley submitted a signed civil rights complaint form, he did not fill it out. The only hint as to possible claims Buckley may intend to raise is the incident report. The report states that on June 10, 2020, Buckley stopped Officer Watkins and said someone had run into his cell and assaulted him. (ECF No. 1-1 at PageID 4.) Watkins pulled Buckley out of his cell into the hallway, and Officer Brown escorted him to medical where he was examined by a nurse. (*Id.*) However, the report does not describe any details of the assault or the extent of Buckley's injuries. After Sergeant McGhee, Officer Watkins, and Lieutenant Connolly viewed surveillance footage, it was determined that inmate Justin Roberts had directed inmate Tyreace Montgomery to run into Buckley's cell. (*Id.*) Officer Davis took photos of all the inmates involved, and Buckley was moved to another cell to prevent further incidents. (*Id.*) The report states the officers used no force or chemical agents and that all of the involved parties would be written up for disciplinary violations. (*Id.*)

Buckley has not stated who he is suing in this case or why; the Clerk therefore shall record inmates Montgomery and Roberts as putative Defendants, due to the alleged assault on Buckley. No wrongdoing by anyone else is obvious from the face of the incident report. However, without any factual allegations, causes of action, or injuries specified by Buckley, the complaint fails to state any claim on which relief may be granted. Therefore, Buckley will be required to file an amended complaint.

Buckley is ORDERED to submit, within 21 days after the date of this order, a properly completed and signed prisoner *in forma pauperis* affidavit and a copy of his inmate trust account statement for the last six months. Buckley is further ORDERED to submit, also within 21 days after the date of this order, an amended complaint. The amended complaint must identify each defendant Buckley intends to sue, set forth the specific causes of action that are asserted against each defendant, allege sufficient facts to support those claims, and state the relief sought. If Buckley fails to comply with this order within the time specified, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee[1] from his trust account without regard to the PLRA's installment procedures, and dismiss this case without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall provide Buckley with a copy of the prisoner *in forma pauperis* affidavit form and another copy of the § 1983 complaint form along with this order.

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE

---

[1] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Court to collect an administrative fee of $50 for filing any civil case. That additional $50 fee does not apply if a plaintiff is granted leave to proceed *in forma pauperis*.