UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| HILTON BUCKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-2633-JDT-cgc |
| | ) | |
| TYREACE MONTGOMERY, and | ) | |
| JUSTIN ROBERTS, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
ASSESSING $350 FILING FEE, DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Plaintiff Hilton Buckley, who is incarcerated at the Shelby County Criminal Justice Center (Jail) in Memphis, Tennessee, filed a 42 U.S.C. § 1983 complaint form on August 19, 2020, that was signed but otherwise not properly filled out.  (ECF No. 1.)  He also filed part of the five-page *in forma pauperis* affidavit form used by non-prisoners.  (ECF No. 2.) Those documents were accompanied by a copy of a report, apparently created by someone employed at the Jail, describing an incident that occurred at the facility on June 10, 2020. (ECF No. 1-1.)

On August 21, 2020, the Court issued an order directing Buckley to file a completed prisoner *in forma pauperis* affidavit and a copy of his inmate trust account statement.  (ECF No. 4.)  Because he did not identify any defendants or include any allegations or claims in

his complaint, the Court also directed Buckley to file a properly completed amended complaint setting out who he is suing, the specific claims asserted against them, and sufficient factual allegations to support those claims. (*Id.* at PageID 12-13.) He responded on September 3, 2020, by filing an amended complaint and a prisoner *in forma pauperis* affidavit. (ECF Nos. 8 & 9.)[1]

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Section 1915(b) merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. In this case, Buckley has now submitted a completed and signed *in forma pauperis* affidavit, but he has not submitted a copy of his trust account statement. As explained below, however, Buckley's amended complaint clearly fails to state a claim; the Court declines to delay resolution of this matter by requiring him to file a trust account statement. Accordingly, Buckley's motions to proceed *in forma pauperis* are GRANTED in accordance with the terms of the PLRA, and he is assessed the $350 civil filing fee.

Plaintiff is ORDERED to cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average monthly balance in or average monthly deposits to Plaintiff's trust

---

[1] On August 28, 2020, Buckley filed a duplicate copy of his original complaint form and the Jail report, (ECF No. 6), and a full five-page non-prisoner *in forma pauperis* affidavit. (ECF No. 7.)

account for the six months immediately preceding the completion of the affidavit.  28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment.  All payments and accounts statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
167 N. Main St., Rm. 242, Memphis, TN  38103

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.  If Plaintiff is transferred to a different prison, he shall provide the officials at the new facility with a copy of this order.

The only Defendants named in the amended complaint are Tyreace Montgomery and Justin Roberts, both of whom are also inmates at the Jail.  Buckley alleges, presumably with regard to Montgomery, that "[h]e ran into my cell and assaulted me because I was going to put a PREA on him he busted my eye open I was bleeding[.]  The DRT took pictures of my wounds[.]  I didn't do anything to him I was in severe pain after the altercation."  (ECF No. 8 at PageID 45.)  The Jail report accompanying the original

complaint indicates that corrections officers reviewed surveillance footage of the incident and determined that Roberts had directed Montgomery to enter Buckley's cell.  (ECF No. 1-1 at PageID 4.)

Buckley states that he will settle for $5,000 in damages.  (ECF No. 8 at PageID 46.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)      is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)      seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

Buckley sues only Montgomery and Roberts, both of whom are private parties. However, a plaintiff may not use § 1983 to "sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Only those defendants whose actions are "fairly attributable to the State" may be sued under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). Montgomery and Roberts are not state actors merely because they are incarcerated, and Buckley does not allege how their actions can otherwise be attributed to the state. His claims are thus subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, this case is DISMISSED with prejudice in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), the Court CERTIFIES that an appeal in this case by Buckley would not be taken in good faith. If Buckley nevertheless chooses to file a notice of appeal, he must either pay the

$505 appellate filing fee in full or submit, in compliance with the PLRA, 28 U.S.C. §§ 1915(a)-(b), an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Buckley, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE